1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JERRY DILLINGHAM,                          Case No.  1:20-cv-01164-HBK (PC)

12                  Plaintiff,                  ORDER DIRECTING PLAINTIFF TO PAY
                                                FILING FEE OR FILE UPDATED
13          v.                                  FINANCIAL INFORMATION

14   A. FLORES, et al.,                         AUGUST 14, 2023 DEADLINE

15                  Defendants.

16

17

18

19          Plaintiff Jerry Dillingham, who is proceeding pro se, has filed a notice of change of

20   address reflecting that he has been released from detention. (*See* Doc. No. 12).[1]  Because

21   Plaintiff initiated this action while a prisoner and was granted leave to proceed *in forma pauperis*

22   ("IFP") under 28 U.S.C. § 1915 (Doc. No. 7), he is "required to pay the full amount of a filing

23   fee" under the Prison Litigation Reform Act.  28 U.S.C. § 1915(b)(1).  Based on Plaintiff's

24   "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month

25

_____

26   [1] The Court independently has confirmed that Plaintiff, who was formerly identified as Jerry Dillingham,
     Inmate No. C95149, is no longer in CDCR custody. *See* https://inmatelocator.cdcr.ca.gov/Results.aspx
27   (last visited July 14, 2023); *United States v. Basher*, 629 F.3d 1161, 1165 (9th Cir. 2011) (taking judicial
     notice that Bureau of Prisons' inmate locator available to the public); *see also Pacheco v. Diaz*, 2019 WL
28   5073594, at *2 (E.D. Cal. Sept. 4, 2019) (taking judicial notice of CDCR's Inmate Locator system).

1    period immediately preceding the filing of the complaint," 28 U.S.C. § 1915(a)(2), the Court

2    granted Plaintiff IFP, assessed the full $350.00 filing fee, [2] did not assess an initial filing fee, §

3    1915(b)(1), (4), and directed the "agency having custody" over Plaintiff  to forward to the Clerk

4    of Court both the initial, if applicable, and any subsequent monthly payments required "until the

5    filing fees are paid," in full.  (Doc. No. 7); *See* § 1915(b)(2); *see also Andrews v. King*, 398 F.3d

6    1113, 1119 (9th Cir. 2005); *Bruce v. Samuels*, 577 U.S. 82, 84 (2016).

7         Due to Plaintiff's release, the fee collection provision is now unenforceable, and the Court

8    no longer has the means to collect the fees owed by Plaintiff.  *See DeBlasio v. Gilmore*, 315 F.3d

9    396, 399 (4th Cir. 2010) (noting that, after a prisoner is released, there is "no 'prisoner's account'

10   from which to deduct . . . payments").

11        Although the Ninth Circuit has yet to decide how a released prisoner who is obligated to

12   "pay the full amount of a filing fee" under 28 U.S.C. § 1915(b)(1) may proceed IFP after he has

13   been released, *see Putzer v. Attal*, 2013 WL 4519351, at *1 (D. Nev. Aug. 23, 2013) (noting the

14   "unresolved issue within the Ninth Circuit regarding the application of the Prison Litigation

15   Reform Act (PLRA) pauper application requirements in cases where the prisoner is released

16   *pendente lite, i.e.*, during the litigation"), other circuits and district courts in California have found

17   the statutory language of § 1915(b)(1) requires released prisoners to pay the amounts still due

18   after their release if they wish to continue to prosecute their action.   *Gay v. Tex. Dep't of Corr.*,

19   117 F.3d 240, 241–42 (5th Cir. 1997); *In re Smith*, 114 F.3d 1247, 1251–52 (D.C. Cir. 1997);

20   *Robbins v. Switzer*, 104 F.3d 895, 897–99 (7th Cir. 1997); *Townsend v. Rendon*, 2022 WL

21   1462181, at *2 (E.D. Cal. April 1, 2022) (directing released inmate to "either pay the filing fee in

22   full or submit a complete[d] application to proceed in forma pauperis by a non-prisoner");

23   *Makoni v. Downs*, 2016 WL 7210403, at *4 (S.D. Cal. Dec. 13, 2016) (denying released

24   prisoner's initial IFP motion and requiring supplemental post-release IFP motion); *Flynn v.*

25   *Canlas*, 2015 WL 8492503, at *4 (S.D. Cal. Dec. 10, 2015) (same); *Adler v. Gonzalez*, 2015 WL

26   _____

27   [2] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)).  The additional $52 administrative fee does not apply to persons granted leave to proceed

28   IFP.  *Id.*

1   4041772, at *2 (E.D. Cal. July 1, 2015) (requiring "updated IFP application" of released prisoner

2   because court "ha[d] before it no evidence that Plaintiff [remained] a pauper," and the

3   "[c]ircumstances that undoubtedly contributed to his impoverishment, *i.e.*, imprisonment, no

4   longer exist"); *Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995) (remanding fee payments to

5   district court in order to "review [plaintiff's] present economic situation and fit a fee to the

6   economic facts if [he was] still interested in pursuing his claim").

7          Consequently, for this case to proceed further, Plaintiff must pay $ 350.00 (the total

8   amount that remains due toward the $350.00 filing fee) in one lump sum no later than August 14,

9   2023, if he wishes to continue to prosecute this action.  If Plaintiff cannot pay this amount in one

10  lump sum, Plaintiff shall file a renewed motion to proceed IFP accompanied by the enclosed

11  financial form completed and signed to under penalty of perjury by this same date.  Plaintiff must

12  provide a complete picture of his current financial situation, including an explanation as to his

13  ability to provide basic necessities for himself.  Plaintiff must include any information relating to

14  any financial assistance he receives, the amount of this assistance, and the name of the entity

15  providing this assistance.  The Court will then review the renewed application and set a monthly

16  payment schedule for the $350.00 filling fee.[3]

17         ACCORDINGLY, it is **ORDERED**:

18         1.      No later than August 14, 2023, Plaintiff must pay $350 (the total amount that

19  remains due toward the $350.00 filing fee) in one lump sum by cashier's check, money order, or

20  personal check, payable to the Clerk of Court.  Plaintiff shall include his name and case no.

21  1:20cv01164-HBK on the check.

22         2.      If Plaintiff cannot pay this amount in one lump sum, Plaintiff, by this same date,

23  shall file a renewed motion to proceed IFP accompanied by the enclosed financial form

24  completed and signed to under penalty of perjury.

25         3.      The Clerk of the Court shall enclose a blank AO 239 (Rev. 01/15) Application to

26  Proceed in District Court Without Prepaying Fees or Costs (Long Form) with this Order for

27

28
_____
[3] "In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial filing fee."  28 U.S.C. § 1915(b)(4).

3

1   Plaintiff's use, if appropriate.

2         4.     If Plaintiff fails to comply with this Order by either paying $350.00 in one lump

3   sum or submitting a completed AO 239 renewed IFP application, the case may be dismissed for

4   Plaintiff's failure to prosecute and/or as a sanction for Plaintiff's failure to obey a court order.

5

6   Dated:    July 14, 2023

7                             HELENA M. BARCH-KUCHTA
                              UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28