UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY DILLINGHAM,<br><br>             Plaintiff,<br><br>      v.<br><br>A. FLORES, et al.,<br><br>             Defendant. | Case No. 1:20-cv-01164-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. No. 20) |

Pending before the Court is Plaintiff's motion to appoint counsel. (Doc. No. 20). Plaintiff, a former prisoner, is proceeding pro se on his initial Complaint. (Doc. No. 1). The Court granted Plaintiff's application to proceed in this action *in forma pauperis* in this action. (Doc. No. 7).  Plaintiff has not responded to the Court's May 4, 2023 Screening Order (Doc. No. 16) and the time to do so has expired.   Instead, noting he has not been able to secure counsel, Plaintiff seeks appointment of counsel because he claims he is illiterate and mentally disabled. (Doc. No. 20 at 1).

The United States Constitution does not require appointment of counsel in civil cases. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996) (explaining *Bounds v. Smith*, 430 U.S. at 817, did not create a right to appointment of counsel in civil cases).  Under 28 U.S.C. § 1915, this court has discretionary authority to appoint counsel for an indigent to commence, prosecute, or defend a civil action.  *See* 28 U.S.C. § 1915(e)(1) (stating the court has authority to appoint counsel for

people unable to afford counsel); *see also United States v. McQuade*, 519 F.2d 1180 (9th Cir. 1978) (addressing relevant standard of review for motions to appoint counsel in civil cases) (other citations omitted).  However, motions to appoint counsel in civil cases are granted only in "exceptional circumstances." *Id.* at 1181.  The court may consider many factors to determine if exceptional circumstances warrant appointment of counsel including, but not limited to, proof of indigence, the likelihood of success on the merits, and the ability of the plaintiff to articulate his or her claims *pro se* in light of the complexity of the legal issues involved.  *Id.*; *see also Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en banc*, 154 F.2d 952 (9th Cir. 1998).

Plaintiff has not met his "burden of demonstrating exceptional circumstances*." Jones v. Chen*, 2014 WL 12684497, at *1 (E.D. Cal. Jan. 14, 2014).  While Plaintiff contends he is illiterate and suffers from "mental disabilities" he has litigated five other cases in this district, including capably filing numerous motions, oppositions to motions, and filing objections to findings and recommendations.  *See, e.g., Dillingham v. Emerson*, E.D. Cal. Case No. 1:18-cv-00507; *Dillingham v. Garcia*, E.D. Cal. Case No. 1:18-cv-00579.  As the judge noted in one of Plaintiff's prior cases, "even his pending motion to appoint counsel is well-written, organized, and cites precedent . . ." *Dillingham v. Garcia,* 2022 WL 1036987, at *3 (E.D. Cal. Apr. 6, 2022).  Nothing in the record suggests Plaintiff will be unable to competently litigate this case.  Nor does Plaintiff's likelihood of success on the merits weigh in favor of appointing counsel.  While adequately articulated, Plaintiff's initial Complaint failed to set forth sufficient factual allegations to state a claim and Plaintiff has provided no indication he will be able to cure those deficiencies.  Thus, Plaintiff has not demonstrated exceptional circumstances that warrant appointment of counsel at this stage of the proceedings.

Accordingly, it is **ORDERED**:

Plaintiff's motion requesting the appointment of counsel (Doc. No. 20) is DENIED.

Dated:   August 9, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE