1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JERRY DILLINGHAM,                    Case No.  1:20-cv-01164-HBK (PC)

12                 Plaintiff,             ORDER TO ASSIGN A DISTRICT JUDGE

13        v.                              FINDINGS AND RECOMMENDATIONS TO
                                          DISMISS ACTION WITHOUT PREJUDICE[1]
14   A. FLORES, et al.,
                                          14-DAY DEADLINE
15                 Defendants.

16

17

18        Plaintiff Jerry Dillingham is a former state prisoner proceeding pro se in this civil rights

19   action.  For the reasons set forth below, the undersigned recommends that the District Court

20   dismiss this action without prejudice for Plaintiff's failure to comply with a court order and

21   prosecute this action.

22                               **BACKGROUND**

23        Plaintiff initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983.

24   (Doc. No. 1, "Complaint").  On May 4, 2023, pursuant to 28 U.S.C. § 1915A the Court issued a

25   screening order finding the Complaint failed to state a claim against any of the named

26   Defendants.  (*See generally* Doc. No. 16).  The Court afforded Plaintiff three options:  (1) file an

27   ───────────────────

28   [1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302
     (E.D. Cal. 2022).

amended complaint; (2) file a notice that he intends to stand on his initial complaint subject to the undersigned recommending the district court dismiss for reasons stated in the May 4, 2023 Screening Order; or (3) file a notice to voluntarily dismiss this action, without prejudice, under Federal Rule of Civil Procedure 41(a)(1) because no defendant had yet been served.  (*Id*. at 8-9).  The Court expressly warned Plaintiff that if he "fails to timely respond to this Court Order or seek an extension of time to comply" the undersigned "will recommend that the district court dismiss this case as a sanction for Plaintiff's failure to comply with a court order and prosecute this action." (*Id*. at 9, ¶ 2).  On June 6, 2023, the Court granted Plaintiff an extension of time to respond to the Screening Order, with a final deadline of August 1, 2023.  (Doc. No. 18).  As of the date of this of this Findings and Recommendation, Plaintiff has failed to exercise any of the three options from the Court's Screening Order, or request a further extension of time to comply, and the time to do so has expired.[2]  (*See* docket.)

Further, considering Plaintiff's various changes of address reflecting that he had been released from custody, (Doc. Nos. 12-15), on July 14, 2023, the Court issued an order directing Plaintiff to submit a long form IFP application documenting his continued indigency or pay the remaining filing fee consistent with the Prison Litigation Reform Act and 28 U.S.C. § 1915(b)(1).  (Doc. No. 19).  Plaintiff was directed to do so by August 14, 2023.  (*Id*. at 3).  Plaintiff was advised that failure to do so could result in dismissal for failure to prosecute and comply with a court order.  (*Id*. at 4).  To date, Plaintiff has neither submitted an updated IFP application nor paid the filing fee.[3]  (*See* docket).

## APPLICABLE LAW AND ANALYSIS

### A.  Legal Standard

Federal Rule of Civil Procedure 41(b) permits the court to involuntarily dismiss an action

---

[2] In granting his requested extension of time, the Court advised Plaintiff that he must deliver either his amended complaint or appropriate notice to correctional officials for mailing no later than August 1, 2023. (Doc. No. 18 at 2).  The undersigned allotted 15 days from the August 1, 2023, deadline to account for mailing before issuing these Findings and Recommendations.

[3] The Court notes that the July 14, 2023 order was returned undeliverable, (*see* docket), however several other orders sent to the same address have not been returned undeliverable, including one issued since the July 14, 2023 order.

1   when a litigant fails to prosecute an action or fails to comply with other Rules or with a court

2   order.  *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889

3   (9th Cir. 2019) (citations omitted).  Similarly, this Court's Local Rules, which correspond with

4   Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with . . .

5   any order of the Court may be grounds for the imposition by the Court of any and all sanctions

6   . . . within the inherent power of the Court."  E.D. Cal. L.R. 110.  "District courts have inherent

7   power to control their dockets" and, in exercising that power, may impose sanctions, including

8   dismissal of an action.  *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th

9   Cir. 1986).  A court may dismiss an action based on a party's failure to prosecute an action, obey

10   a court order, or comply with local rules.  *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61

11   (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone*

12   *v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with

13   a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure

14   to prosecute and to comply with local rules).  In determining whether to dismiss an action, the

15   Court must consider the following factors: (1) the public's interest in expeditious resolution of

16   litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants;

17   (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less

18   drastic sanctions.  *Henderson*, 779 F.2d at 1423; *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir.

19   1988).

20       **B.  Analysis**

21       After considering each of the above-stated factors, the undersigned concludes dismissal

22   without prejudice is warranted in this case.  As to the first factor, the expeditious resolution of

23   litigation is deemed to be in the public interest, satisfying the first factor.  *Yourish v. California*

24   *Amplifier*, 191 F.3d 983, 990-91 (9th Cir. 1999).

25       Turning to the second factor, this Court's need to efficiently manage its docket cannot be

26   overstated.  This Court has "one of the heaviest caseloads in the nation," and due to the delay in

27   filling judicial vacancies, which was further exacerbated by the Covid-19 pandemic, operates

28   under a declared judicial emergency.  *See* Amended Standing Order in Light of Ongoing Judicial

1   Emergency in the Eastern District of California.  This Court's time is better spent on its other

2   matters than needlessly consumed managing a case with a recalcitrant litigant.  The Court cannot

3   effectively manage its docket when a litigant ceases to litigate his/her case or respond to a court

4   order.  Thus, the Court finds that the second factor weighs in favor of dismissal.

5       Delays inevitably have the inherent risk that evidence will become stale or witnesses'

6   memories will fade or be unavailable and can prejudice a defendant, thereby satisfying the third

7   factor.  *See Sibron v. New York,* 392 U.S. 40, 57 (1968).  Thus, the third factor—risk of prejudice

8   to defendant—weighs in favor of dismissal since a presumption of injury arises from the

9   unreasonable delay in prosecuting an action.  *Anderson v. Air W*., 542 F.2d 522, 524 (9th Cir.

10  1976).  Because Plaintiff's inaction amounts to an unreasonable delay in prosecuting this action,

11  the third factor weighs in favor of dismissal.

12      The fourth factor usually weighs against dismissal because public policy favors the

13  disposition of cases on the merits.  *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002).

14  However, "this factor lends little support to a party whose responsibility it is to move a case

15  toward disposition on the merits but whose conduct impedes progress in that direction," which is

16  the case here.  *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217,

17  1228 (9th Cir. 2006) (citation omitted).  Indeed, "trial courts do not have time to waste on

18  multiple failures by aspiring litigants to follow the rules and requirements of our courts."

19  *Pagtalunan*, 291 F.3d at 644 (Trott, J., concurring in affirmance of district court's involuntary

20  dismissal with prejudice of habeas petition where petitioner failed to timely respond to court

21  order and noting "the weight of the docket-managing factor depends upon the size and load of the

22  docket, and those in the best position to know what that is are our beleaguered trial judges.").

23  Further, as set forth in the Screening Order, the Court already determined that the Complaint, as

24  pled, failed to state a claim, so this factor does not weigh in favor of the Plaintiff.

25      Finally, the Court's warning to a party that failure to obey the court's order will result in

26  dismissal satisfies the "considerations of the alternatives" requirement.  *Ferdik*, 963 F.2d at 1262;

27  *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424.  The Court's May 4, 2023 Order

28  expressly warned Plaintiff that his failure to comply with the Court's order would result in a

recommendation for dismissal of this action.  (Doc. 16 at 9).  Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance.  And the instant dismissal is a dismissal *without* prejudice, which is a lesser sanction than a dismissal with prejudice, thereby satisfying the fifth factor.

     After considering the factors set forth *supra* and binding case law, the undersigned recommends dismissal, without prejudice, under Fed. R. Civ. P. 41(b) and Local Rule 110.

     Accordingly, it is **ORDERED**:

     The Clerk of the Court randomly assign this case to a District Judge.

     It is further **RECOMMENDED**:

     This action be DISMISSED without prejudice for Plaintiff's failure to obey court orders and failure to prosecute.

**NOTICE**

     These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days of the date of service of these Findings and Recommendations, a party may file written objections with the Court.  The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." A party's failure to file objections within the specified time may result in waiver of his rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:   <u>August 28, 2023</u>

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE